# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.: 1:05-cr-33 (WLS) |
| | : | |
| SADERRICK JERMAINE NOIRD, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is Defendant Saderrick Jermaine Noird's Motion for Reconsideration of the Court's May 9, 2013 denial of his Motion to Proceed on Appeal *In Forma Pauperis*. Noird urges the Court to reconsider its finding that his appeal is not taken in good faith. He claims he "sincerely reasons" he is entitled to a sentence reduction based on his reading of the Sentencing Guidelines Commentary and case law.

Motions for reconsideration are within "the sound discretion of the district judge." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805–06 (11th Cir. 1993). Courts in this district grant motions for reconsideration in three circumstances: (1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law. *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222–23 (M.D. Ga. 1997).

None of these grounds are present here. Noird's argument appears to be premised on a misinterpretation of the term "good faith" in 28 U.S.C. § 1915. His "sincere" belief about the merits of his arguments is irrelevant. "A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined

1

under an objective standard. . . .  An issue is frivolous when it appears that 'the legal theories are indisputably meritless.'" *Ghee v. Retailers Nat'l Bank*, 271 F. App'x 858, 859–60 (11th Cir. 2008) (citations omitted).

Noird's appeal is not taken in good faith because its legal theories are "indisputably meritless." The Court sentenced Noird as a career offender, so he is ineligible for a sentence reduction under Amendment 750. *United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir. 2012). That the Court subsequently lowered his sentence for substantial assistance does not change the result. *See United States v. Moore*, 541 F.3d 1323, 1329–30 (11th Cir. 2008). Furthermore, *United States v. Savani*, No. 11-4359, 2013 WL 1876752 (3d Cir. May 7, 2013), is distinguishable because the appellees were not sentenced as career offenders. *See* 2013 WL 1876752, at * 3.

Noird's motion for reconsideration (Doc. 156) is **DENIED**.

**SO ORDERED**, this   24th   day of May 2013

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**